UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JACOB TRISCHLER,<br><br>    Plaintiff,<br><br>v.<br><br>MRS BPO, LLC d/b/a MRS ASSOCIATES OF NEW JERSEY,<br><br>    Defendant. | Case No. 18-cv-00084<br><br>Judge John Robert Blakey |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jacob Trischler incurred debt on his Chase Bank credit card. [38] ¶ 5. Chase retained Defendant MRS BPO, LLC (MRS), a debt collector, to secure payment on the debt. *Id.* Trischler alleges that MRS violated two provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA), when it sent him an inaccurate and incomplete collection letter (Count I). For the same reasons, Trischler alleges that MRS violated the Illinois Collection Agency Act, 225 ILCS 425/9.3(a)(1), (ICAA) (Count II).

MRS has moved for summary judgment on both counts. [32]. Trischler has cross-moved for summary judgment. [40]. For the reasons explained below, this Court grants MRS' motion and denies Trischler's motion.

**I.  Background**

The following facts come from MRS' Local Rule 56.1 statement of material facts [34], Trischler's response to MRS' Local Rule 56.1 statement of material facts [38],

Trischler's Local Rule 56.1 statement of material facts [39], and MRS' response to Trischler's Local Rule 56.1 statement of material facts [41].

A.  Facts

Trischler incurred a $794.67 debt on his Chase credit card. [38] ¶ 5. While Trischler's Chase account was open, Chase charged Trischler for any balance carried on the debt, late fees on any payments due but not timely made, and other fees. [41] ¶ 16.

On August 31, 2017, Chase sent Trischler's account to MRS for collection. [39] ¶ 9. At that time, Chase represented to MRS that Trischler's debt balance was $794.67 and that the applicable interest rate was 0%. *Id*. MRS subsequently sent Trischler four collection, or "dunning," letters to collect the debt. *Id*. ¶ 10. Each letter stated that Trischler's debt balance was $794.67. [38] ¶ 13. The parties dispute focuses solely upon MRS' September 2, 2017 letter. *See* [41] ¶¶ 11–20; [1-1] at 6. This letter provided, in pertinent part:

> Dear JACOB D TRISCHLER,
>
> The above referenced creditor has placed your account with our office for collection. We recognize that sometimes circumstances or events can make it difficult to satisfy your financial obligations.
>
> Resolving a long overdue debt is never easy. Often the hardest part is taking the first step. We are ready to assist you to find a solution that is both fair and reasonable. You may even qualify for a discount offer that could save you a substantial amount of money!
>
> Payment may be made by calling . . .

[1-1] at 6. The letter also contained a heading with the following information:

> CREDITOR: CHASE BANK USA N.A.

2

      MRS ACCT#: [MRS' account number follows]
      CREDITOR ACCT#: [Chase's account number follows]
      ACCOUNT BALANCE: $794.67

*Id*.

The parties do not dispute that the letter never informed Trischler that his debt balance may increase in the future, nor did it indicate that Trischler may still owe additional interests and fees. [41] ¶¶ 18, 19. Moreover, the parties do not dispute that: (1) the debt balance remained static during the period that MRS retained it for collection, [38] ¶ 15; (2) Chase did not ask or instruct MRS to collect a balance greater than $794.67 from Trischler, and in fact forbid MRS from doing so, [34-1] ¶ 8; [38] ¶ 9; [41] ¶ 15; [1] and (3) Chase never charged Trischler for any interest accrued on the debt, [40] at 9. Instead, the parties dispute whether Chase *could have* collected interest from Trischler through post-charge off fees once MRS closed out Trischler's account. [34-1] ¶ 12; [38] ¶¶ 15, 20; [41] 17.

In support of his claim that Chase could have collected interest from Trischler through post-charge off fees, Trischler cites to a sample Chase credit card agreement he found on the Internet, rather than the actual agreement which governed his account. *See* [38] ¶¶ 6, 20; [39-3]. As is discussed below, this Court finds that even if the Chase Sample Agreement is representative of Trischler's own agreement with

---

[1] In his response to Defendant's Rule 56.1 statement of material facts, Plaintiff states that "he does not admit that MRS was forbidden from collecting or attempting to collect post-charge off interest or fees," [38] ¶ 9, but offers no specific reference to record evidence to justify this denial. Therefore, this Court deems MRS' statement that "[t]he agreement between Chase and MRS forbid MRS from collecting or attempting to collect any amount in excess of the placed-balance of Plaintiff's debt" as admitted. *See* L.R. 56.1(b)(3) (a party's responses to the other party's statements of fact must contain "specific references" to record evidence to justify any denial); *see also Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000).

3

Chase, his FDCPA and ICAA claims both fail. Therefore, this Court need not consider the admissibility of the sample agreement.

When MRS closed Trischler's account on January 3, 2018, Trischler's total debt balance remained at $794.67. [38] ¶ 17.

## II. Legal Standard

Summary judgment is proper where there is "no dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In determining whether a genuine issue of material fact exists, this Court must construe all facts and reasonable inferences in the light most favorable to the non-moving party. *See CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528 (7th Cir. 2014). The non-moving party has the burden of identifying the evidence creating an issue of fact. *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). To satisfy that burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, a mere "scintilla of evidence" supporting the non-movant's position does not

4

suffice; "there must be evidence on which the jury could reasonably find" for the non-moving party. *Anderson*, 477 U.S. at 252.

Cross-motions for summary judgment "do not waive the right to trial;" rather, this Court "treats the motions separately in determining whether judgment should be entered in accordance with Rule 56." *Marcatante v. City of Chicago, Ill.*, 657 F.3d 433, 438–39 (7th Cir. 2011).

**III. Analysis**

**A. Count I: The FDCPA**

Trischler alleges that MRS violated two FDCPA provisions by sending him the September 2, 2017 dunning letter. First, he claims that MRS violated 15 U.S.C. § 1692g(a)(1) because the letter "failed to effectively state the amount of the debt." [40] at 5. According to Trischler, MRS should have clarified whether Chase could charge Trischler interest on his original debt for the time between when that debt accrued and when he finally pays. *Id.* at 7. Second, for this same reason, Trischler claims that MRS' dunning letter was false, deceptive, and misleading and thus violated 15 U.S.C. § 1692e. *Id.* at 9. In response, MRS argues that: (1) its description of Trischler's debt balance was accurate and not misleading; and (2) the FDCPA does not require debt collectors to affirmatively state the various ways in which a debt balance is *not* increasing. [33] at 7–12.

**1. MRS Effectively Stated the Amount of the Debt**

Section 1692(g)(a)(1) of the FDPCA requires debt collectors to state "the amount of the debt" in their dunning letters. *See also Chuway v. Nat'l Action Fin.*

5

*Servs., Inc.*, 362 F.3d 944, 946–47 (7th Cir. 2004) (citing *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000)). In *Chuway*, the Seventh Circuit held that if a debt collector is collecting "only the amount due on the date the letter is sent," it complies with the Act "by stating the balance due, stating that the creditor has assigned your delinquent account to our agency for our collection, and asking the recipient to remit the balance listed—and stopping there, without talk of the 'current' balance." 362 F.3d at 949 (internal quotations omitted). If, however, "the debt collector is trying to collect the listed balance plus the interest running on it or other charges," the collector must use safe-harbor language articulated by the Seventh Circuit in *Miller*:

> As of the date of this letter, you owe $____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1-800-[phone number].

*Chuway*, 362 F.3d at 949 (quoting *Miller*, 214 F.3d at 876).

In the present case, the *Chuway* requirement controls, because MRS sought to collect only the amount due on the date it sent the letter. Chase forbid MRS from collecting more than $794.67, MRS never asked Trischler for more than $794.67, and Trischler's total debt remained at $794.67 when MRS closed Trischler's account. [38] ¶¶ 9, 13, 17. Thus, MRS was not "trying to collect the listed balance plus the interest running on it or other charges," and *Miller* does not apply. 214 F.3d at 876; *see also Barnes v. Adv. Call Ctr. Techs. LLC*, 493 F.3d 838, 840 (7th Cir. 2007) ("Plaintiffs'

6

argument seems to forget who the defendant is. ACCT, not MBNA [creditor], is the collector here, so the 'amount of the debt' must be that owed to the former"). And here, MRS undoubtedly complied with its obligation under *Chuway* by clearly: (1) stating the balance due; (2) explaining that Chase had assigned the debt to MRS for collection; (3) asking Trischler to remit the listed balance; and (4) not indicating that the balance was merely "current" rather than comprehensive.

Moreover, the Seventh Circuit has clarified that MRS' practice of not including any potential Chase interest charges in its dunning letters is not only permissible, but also correct under Section 1692(g)(a)(1):

> The credit card company, which is to say the creditor, not the debt collector, may charge the plaintiff interest on the [account balance] between when that debt accrued and when the plaintiff finally pays and may add the interest accruing in the interim to the plaintiff's current balance. But that would not be a part of the 'amount of the debt' for which the *defendant* was dunning her, and hence it would not precipitate a violation by the defendant . . . The fact that the defendant didn't add that to the debt for which it had been retained to dun the plaintiff would not result in a violation of the statute. Quite the contrary, for a debt collector has no authority to collect debts that it has not been authorized by a creditor to collect, nor was the defendant trying to do that.

*Chuway*, 362 F.3d at 947 (citing 15 U.S.C. § 1692(g)(a)(1)); [38] ¶ 9; *see also Barnes*, 493 F.3d at 840 (including the total credit card balance, as opposed to just the debt collector's balance, in a dunning letter "would be absurd" because it "would defeat the provision's very purpose by increasing the confusion"). Regardless of whether Chase could have charged Trischler post-charge off fees, MRS' September 2, 2017 dunning letter effectively stated "the amount of the debt" it sought to collect from Trischler. This Court finds as a matter of law that MRS complied with 15 U.S.C. § 1692g(a)(1).

7

As such, this Court grants summary judgment to MRS on Trischler's Section 1692g(a)(1) claim, and denies Trischler's cross-motion.

### 2. MRS Did Not Use False, Deceptive, or Misleading Means in Collecting Trischler's Debt

Similar to his argument under 1692g(a)(1), Trischler argues that MRS' letter violated Section 1692e of the FDPCA by failing to include whether Chase could charge Trischler additional interest or other fees on his original debt. [40] at 9. Section 1692e of the FDPCA "broadly prohibits the use of any 'false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Boucher v. Fin. Sys. of Green Bay*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting 15 U.S.C. § 1692e). Even if a statement in a dunning letter is "'false in some technical sense,' it does not violate § 1692e unless it would confuse or mislead an unsophisticated consumer." *Boucher*, 880 F.3d at 366 (quoting *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645−46 (7th Cir. 2009) *and Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)). The "unsophisticated consumer" is "uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making logical deductions and inferences." *Boucher*, 880 F.3d at 366 (internal quotations omitted). An "unsophisticated consumer may tend to read collection letters literally, but he does not interpret them in a bizarre or idiosyncratic fashion." *Id.* (citing *Pettit v. Retrieval Masters Creditors Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

Trischler's claim fails at the outset. Even assuming that the sample Chase agreement Trischler provides is representative of his actual agreement with Chase, this Court simply cannot find that MRS' letter misleads or deceives an unsophisticated consumer. The Seventh Circuit has made clear that to satisfy 15 U.S.C. § 1692e, "a credit agency need only request the amount *it* is owed; it need not provide whatever the credit-card company may be owed more than that." *Johnson v. Alltran Educ., LP*, No. 17 CV 6616, 2018 WL 2096374, at *8 (N.D. Ill. May 7, 2018) (citing *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 647 (7th Cir. 2009) (affirming district court's grant of summary judgment based upon dunning letter's accurate breakdown of the debt amount the debt collector, rather than the credit-card company, sought to collect) *and Barnes*, 493 F.3d at 840). Here, MRS undoubtedly requested the amount that it was owed.

Trischler relies upon *Ruge v. Delta Outsource Grp., Inc.*, No. 15 CV 10865, 2017 WL 959017 (N.D. Ill. Mar. 13, 2017), and *Boucher*, 880 F.3d 362, to demonstrate that MSR' letter misled him by failing to indicate whether Chase could charge post-charge off fees. But in both *Ruge* and *Boucher,* the courts found that defendant debt collectors misled plaintiffs by suggesting that interest might accrue, when in fact they had either no intention of collecting interest or were not authorized to do so. 2017 WL 959017 at *4; 880 F.3d at 367. Here, in contrast, MRS did not indicate it had any intention of collecting interest, as Chase did not authorize it to do so. [38] ¶ 9. Thus, *Ruge* and *Boucher* are not applicable.

Absent some particularly ambiguous language in the rest of the letter, this Court finds that a consumer of reasonable intelligence and with a basic knowledge about the financial world would read MRS' dunning letter with added care and arrive at the conclusion that he owes $794.67 to Chase. *See Johnson*, 2018 WL 2096374, at *8 (finding that "a consumer of reasonable intelligence and with a basic knowledge about the financial world" could read a collection letter stating only the balance due "and be able to use logic to arrive at the conclusion that she owes [that balance] for a debt with Chase Bank according to the Debt Letter").

This Court thus finds as a matter of law that MRS complied with 15 U.S.C. § 1692e.[2] As such, this Court grants summary judgment to MRS on Trischler's Section 1692e claim, and denies Trischler's cross-motion.

### B. Count II: The ICAA

Trischler brings his second count under 225 ILCS 425/9.3(a)(1), which requires a collection agency to send the debtor a timely, written notice with "the amount of the debt." [1] ¶ 52. The parties spend considerable time debating: (1) whether the ICAA provides a private right of action; and (2) if it does, whether Trischler has failed to produce evidence of actual damages. *See, e.g.*, *id.*; [33] at 13. But regardless, Trischler's ICAA claim must fail because "the language of the FDCPA mirrors the language of the ICAA." *Johnson*, 2018 WL 2096374, at *12 (granting motion to dismiss on an ICAA, 225 ILCS 425/9.3(b), claim because the court had already found

---

[2] Consistent with its findings above, this Court finds that MRS in no way violated 15 U.S.C. § 1692f, which prohibits "unfair or unconscionable means" to collect or attempt to collect a debt. Although Trischler raised this argument in his response brief, [40] at 9, he has provided no evidence that MRS engaged in unfair or unconscionable practices in attempting to collect its debt.

10

plaintiff's claim failed under identical FDCPA language); *see also Canham v. Fair Collections & Outsourcing, Inc.*, No. 12 C 9297, 2014 WL 3952902, at *3–4 (N.D. Ill. Aug. 13, 2014) (holding that provisions within 225 ILCS 425/9.3, including subsection (a)(1), impose "no greater duty on debt collectors to investigate the accuracy of a debt than their . . . federal cousins in Section 1692"). For the reasons already stated above in the FDCPA discussion, MRS' dunning letter accurately stated "the amount of the debt." Accordingly, this Court grants summary judgment to MRS on Trischler's ICAA claim, and denies Trischler's cross-motion.

## IV. Conclusion

This Court grants MRS' motion for summary judgment [32] and denies Trischler's motion for summary judgment [40]. Judgment is entered in favor of MRS and against Trischler on Trischler's complaint [1]. All dates and deadlines are stricken. Civil case terminated.

Dated: December 20, 2018

Entered:

_____
John Robert Blakey
United States District Judge